IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02649-TLP-cgc |
| v. ) | |
| ) | |
| LAKESIDE BEHAVIORAL HEALTH ) | |
| SYSTEM, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Christopher N. Wieland sued Defendant Lakeside Behavioral Health System ("Lakeside") in September 2022. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters. In February 2023, Defendant moved to dismiss Plaintiff's claims for lack subject matter jurisdiction and insufficient service of process. (ECF No. 23.)

Judge Claxton considered Defendant's motion and entered a Report and Recommendation ("R&R"). (ECF No. 28.) In her R&R, Judge Claxton recommends that this Court grant Defendant's motion to dismiss. (*See id.*) For the reasons below, the Court **ADOPTS** her R&R. As a result, the Court **GRANTS** Defendant's motion (ECF No. 23) and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

**BACKGROUND**

Plaintiff's suit stems from his July 2022 encounter with the Germantown Police and Germantown Fire Department—both government entities in Shelby County, Tennessee—

resulting in his involuntary admission at Lakeside. (ECF No. 1.)[1] Plaintiff alleges that he suffered injuries from his time at Lakeside including exposure to the cold temperature in the building, threats of violence, and unwanted injections. (ECF No. 1 at PageID 3–7.)

As a result of these events, Plaintiff sued Defendant here. Plaintiff's complaint alleges violations of "18 U.S. Code § 1347, Section 2340A of Title 18, Section 242 of Title 18, 25 CFR § 11.404, 10 U.S. Code § 897, 25 CFR § 11.403, 18 U.S. Code § 1201, 10 U.S. Code § 914 – Art. 114, 28 U.S. Code § 4101." (*Id.* at PageID 7.) He also lists these causes of action: "Endangerment, Intimidation, Torture, Unlawful Forced Injection, Unlawful Detainment, Multiple Acts of Medical Fraud, Constant Exposure to Gang Activity, Defamataion[.]" (*Id.* at PageID 1.)

Defendant then moved to dismiss Plaintiff's complaint, arguing: (1) the Court lacks subject-matter jurisdiction; (2) Plaintiff has stated no claims upon which the Court can grant relief; (3) Plaintiff failed to serve Defendant with process properly. (*See* ECF No. 13.) Plaintiff did not respond to Defendant's motion timely. So Judge Claxton ordered Plaintiff to show cause "as to why the Court should not consider the Motion on the record before it" and recommend granting Defendant's motion. (ECF No. 24.) Again, Plaintiff failed to respond.

## THE R&R

After recounting the factual and procedural history here, Judge Claxton analyzed the Parties' legal positions and recommended that this Court grant Defendant's motion to dismiss. (*See* ECF No. 28.) First, Judge Claxton correctly noted that federal courts must have subject matter jurisdiction over a plaintiff's claims before it can consider the merits of those claims. (*Id.*

---

[1] Plaintiff also sued both Germantown Police and Fire Departments. The Court recounts the facts of Plaintiff's encounter with these agencies in those suits.

at PageID 108.)  Federal courts have limited jurisdiction so they must at least have either federal question or diversity jurisdiction over the case.  And Plaintiff—who brought this suit in federal court—bears the burden of proving that the Court has jurisdiction.  *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Because "Plaintiff does not allege his citizenship or domicile of any of the parties in this matter[,]" Judge Claxton concluded that this Court lacks diversity jurisdiction.  (*Id.* at PageID 109–10.)  Judge Claxton also found that this Court lacks federal question jurisdiction because the statutes Plaintiff cites are federal criminal statutes that do not confer a private right of action for Plaintiff.  (*Id.* at PageID 110.)

Judge Claxton correctly noted the legal standard for dismissal under Federal Rule of Civil Procedure 12(b)(6).  (*Id.* at PageID 127.)  She also pointed out that courts "liberally construe[]" pleadings by pro se litigants.  (*Id.* at PageID 128.)  Under that standard, Judge Claxton then addressed Plaintiff's complaint.  At first, she notes that Plaintiff's "conclusory allegations" have no factual basis for support.  (*Id.* at PageID 132.)  Because these allegations fail to state claims "under a viable legal theory[,]" and because "[n]one of the statutes or regulations stated by Plaintiff create a private action by which relief can be granted[,]" Judge Claxton recommends dismissing the case under Rule 12(b)(6).  (*See id.* at PageID 132.)

Judge Claxton then notes the correct legal standard for properly serving process on a defendant under Rule 12(b)(5).  (*Id.* at PageID 132.)  And because Plaintiff did not serve process on Lakeside's authorized agent, Judge Claxton found that "service of process was insufficient."  (*Id.* at PageID 133.)  The Court next turns to consider Judge Claxton's R&R.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and may recommend a ruling on certain pretrial matters, including dismissal of an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Claxton entered her R&R in late June 2023, and neither party objected. And the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Finding no clear error and for the reasons below, the Court agrees with Judge Claxton's R&R.

### I.  Plaintiff Failed to Meet his Burden of Showing Subject Matter Jurisdiction

Plaintiff has not shown that this Court has subject-matter jurisdiction to hear his case. "Federal courts have subject-matter jurisdiction where there is complete diversity of citizenship." *Akno 1010 Mkt. St. St. Louis Mo LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citing 28 U.S.C. § 1332(a)). And § 1331 "grants federal district courts subject-matter jurisdiction over all claims 'arising under' federal law." *Cobb v. Cont. Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006).

As Judge Claxton noted, "Plaintiff does not allege his citizenship or domicile of any of the parties in this matter." (ECF No. 28 at PageID 130.) Section 1332 "authorizes a federal court to take diversity jurisdiction over a civil action only if the action is between 'citizens of different states.'" *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010). Because Plaintiff does not allege the citizenship of the Parties in his complaint here, the Court agrees with Judge Claxton that Plaintiff has failed "to overcome the presumption against federal subject matter jurisdiction by pleading an adequate basis for diversity jurisdiction." (ECF No. 28 at PageID 130 (citing *Farmer*, 386 F. App'x at 557).)

Plaintiff's citation of federal statutes also fails to establish the Court's subject matter jurisdiction through federal question. (*See* ECF No. 1 at PageID 7 ("18 U.S. Code § 1347, Section 2340A of Title 18, Section 242 of Title 18, 25 CFR § 11.404, 10 U.S. Code § 897, 25 CFR § 11.403, 18 U.S. Code § 1201, 10 U.S. Code § 914 – Art. 114, 28 U.S. Code § 4101.".) Simply listing federal statutes does not automatically confer Article III standing because not all federal laws give one a private right of action.

Plaintiff has no Article III standing to sue using federal criminal statutes (18 U.S.C. §§ 242, 1201, 1347, 2340A) because he is a private citizen, and "a private citizen lacks a judicially cognizable interest in the prosecution . . . of another." *See Crutcher v. Colombo*, No. 21-1116, 2021 WL 6803114, at *3 (6th Cir. Nov. 29, 2021); *Saro v. Brown*, 11 F.App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.") (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Plaintiff complain about alleged criminal behavior to law enforcement agencies like his local police, the FBI, or another agency. *See id.* But only prosecutors on behalf of state or federal government may bring a criminal case. *See id.*

The lack of a private right of action dooms Plaintiff's case here for the rest of federal statutes he cites. For example, 25 C.F.R. §§ 11.403–4 are parts of a regulation that creates criminal offenses in the context of Indian Affairs. This regulation provides neither a civil remedy nor private right of action for a private citizen. *See Whitfield v. Cuyahoga Cnty Dep't of Child & Fam. Servs.*, 2021 WL 1634552 (N.D. Ohio Apr. 27, 2021). Likewise, 28 U.S.C. § 4101 merely defines "defamation" in the "context of when a federal court may recognize a foreign defamation judgment. It is not itself a private right of action conferring federal question jurisdiction." *Parker v. Hankook Tire Mfg. Tenn., LP*, 2022 WL 4545120 (M.D. Tenn. Sept. 28, 2022). And Title Ten of the United States Code applies only to the military. 10 U.S.C. §§ 897, 4101.

As Judge Claxton notes, these statutes are either "criminal, apply only to the military, or specifically apply to Indians." (ECF No. 28 at PageID 131.) The Court therefore finds that Plaintiff failed to show Article III standing here.

## II. Plaintiff Failed to State a Claim Upon Which Relief can be Granted

The Court also agrees with Judge Claxton that Plaintiff's complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for such a failure. *See* Fed. R. Civ. P. 12(b)(6). And courts assess whether a complaint states a claim using standards from *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555–57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

The Court agrees with Judge Claxton's analysis on this point.

> Here, Plaintiff has made many conclusory allegations including endangerment, intimidation, torture, unlawful forced injection, unlawful detainment, multiple acts of medical fraud, constant exposure to gang activity, and defamation without any factual basis to support the claims. Plaintiff has failed to state any of these claims under a viable legal theory. Additionally, none of the statutes or regulations stated by Plaintiff create a private action by which relief can be granted.

(ECF No. 28 at PageID 132.)

The Court therefore finds that Plaintiff failed to state a claim upon which relief can be granted.

### III. Plaintiff's Service of Process was Insufficient

Finally, this Court agrees with Judge Claxton that dismissal here is proper under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5). A court may dismiss a complaint for "insufficiency of service of process" under Rule 12(b)(5). Plaintiff has the burden to serve a defendant timely under Rule 4. *See* Fed. R. Civ. P. 4. "Courts may look to 'record evidence' and 'uncontroverted affidavits' in determining whether plaintiffs have met this burden." *See Spencer v. Caracal Int'l*, LLC, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (quoting *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015)).

Rule 4(h) controls how a plaintiff should serve a corporation like Lakeside:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a juridical district of the United States:
- (A) in the manner prescribed by Rule (4)(e)(1) for serving an individual: or
- (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of by law to receive service of process and—if the agent is one authorized by statute and the statute so required—by mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h).

Based on affidavits of Lakeside CEO Joy Golden, Judge Claxton found that Plaintiff failed to serve process properly. (*See* ECF No. 28 at PageID 133 (citing ECF No. 18-2).) The Court agrees with Judge Claxton that Plaintiff did not properly serve process on Defendant under federal law.

Rule 4(m) gives plaintiffs ninety days to serve process, but that Rule also allows courts to enlarge that time:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing Fed. R. Civ. P. 4(m)). More than ninety days has passed since Plaintiff sued here, and he has not asked for an extension much less shown good cause for this failure.

But even if the Court gave him more time to serve Defendant, doing so would be futile for the reasons discussed above. And so the Court will not extend Plaintiff's time to serve Defendant with process, nor will it dismiss Plaintiff's action *without* prejudice. *See Tagert v.*

*Anakeesta, LLC*, No. 3:19-cv-294, 2021 WL 6427962, at *3 (E.D. Tenn. Aug. 25, 2021) (denying the plaintiff's motion to amend and motion for extension of service of process when the allegations in the plaintiff's proposed amended complaint did not cure jurisdictional defects).

## CONCLUSION

The Court has reviewed Judge Claxton's R&R for clear error and finds none. And so, the Court **ADOPTS** the R&R, **GRANTS** Defendant's motion to dismiss, and **DISMISSES** Plaintiff's claims against Defendant Lakeside **WITH PREJUDICE**. Because the Court dismisses the claims against Defendant now, the Court also **DENIES AS MOOT** Plaintiff's motion to change venue to criminal court to compel discovery (ECF No. 26).

**SO ORDERED**, this 7th day of August, 2023.

                                        s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE